NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS ELLIS,

        Plaintiff,

v.

ERIKA VERGARA, et al.,

        Defendants.

Civil No. 09-2839 (DMC)

OPINION

APPEARANCES:

    THOMAS ELLIS, #219079, Plaintiff Pro Se
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearny, New Jersey 07032

CAVANAUGH, District Judge:

Thomas Ellis, a prisoner incarcerated at Hudson County Correctional Center, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis and direct the Clerk to file the Complaint without prepayment of the filing fee.[1] See 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint. See 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff is required to pay the filing fee in installment payments pursuant to 28 U.S.C. § 1915(b) because he is a "prisoner." See 28 U.S.C. § 1915(h).

# I. BACKGROUND

Plaintiff brings this action against Jersey City Police Officer Erika Vergara and Sgt. Scott Schnee. Plaintiff asserts that on March 19, 2008, after he was arrested, taken to the East District Precinct, and placed in a holding cell, the following events occurred:

> A) Erika Vergara while typing paperwork; she came in the holding cell and slammed my head against the gate, causing serious pain & injury. while I was handcuffed on 3/19/09 at the East District Precinct of Jersey City.
>
> B) Sgt. Scott Schnee instructed Erika Vergara to falsify legal documents to charge me with a drug charge knowingly that I never had any drugs on me before I entered the holding cell area on 3/10/09 at East District Precinct of Jersey City. Sgt. Scott Schnee viewed the tape of the incident which should have showed P.O. Erika Vergara taking the clear plastic bag from the holding cell bench which contained drugs. Sgt. Schnee instructed her to say in the report she took the drugs form my hand which she lied.

(Compl. ¶ 8.)

In a letter attached to the Complaint, Plaintiff describes the events in the following manner:

> On the evening of March 19th 2009 around 8:30 pm, I Thomas Ellis was in the act of committing a shoplifting charge at a B.J. Dept. Store . . . . P.O. working ShopRite [came] over to assist in arrest . . . [W]e made our way to the East District Precinct . . . . Before being handcuffed to the bench, police officer Erica M. started doing the paperwork which her back was facing me. Approximately 15-20 minutes inside the holding cell I noticed a plastic bag which looked to be purple vials enlarged between the bench cracks. The minute I touched the bag it made a rattling sound. P.O. Erica M. turned around and stated to me what are you doing? I then instructed her that there is something inside the bench. She then opened the locked gate, came inside and removed the alleged bag of cocaine. P.O. Erica M. then placed me inside the next holding cell and then handcuffed me to the bench. Words were exchanged between the both of us; P.O. Erica M. came inside

>and slammed my head against the gate very forcefully. She then
>alerted the 3 Sgts that was on duty that evening; they then
>instructed her to charge me with the eleven vials of suspected
>cocaine with the robbery charge.

(Docket entry # 1 at p. 13.)

Plaintiff seeks punitive damages for violation of his constitutional rights.

## II. STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A(a). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[2] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

3

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

The United States Court of Appeals for the Third Circuit instructed District Courts how to conduct the failure to state a claim analysis under Iqbal:

> First the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F. 3d 203, 210-11 (3d Cir. 2009) (citations and internal quotation marks omitted); see also McTernan v. City of York, 577 F. 3d 521, 530 (3d Cir. 2009).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007).

4

Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989). Liberally construing Plaintiff's allegations and accepting them as true, the Court reads Plaintiff's Complaint as seeking damages under § 1983 for use of excessive force, preparation of a false police report, and filing false criminal charges against Plaintiff. The Court will now examine the Complaint to determine whether dismissal is required by 28 U.S.C. § 1915(e)(2)(B).

A. Due Process

"[A pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535 (1970). Accordingly, the use of excessive force against a pretrial detainee may violate his or her Fourteenth Amendment right to due process. See Totton v. Keller, 205 Fed. App'x 919, 921 (3d Cir. 2006). To prove a due process excessive force violation, "the detainee must show that the force used amounts to a wanton infliction of punishment, as opposed to an amount 'rationally related' to exercising control." Id. at 922 (quoting Bell, 441 U.S. at 538-39). "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting . . ." Bell, 441 U.S. at 540.

However, not every "malevolent touch" by a security officer violates the Constitution. See Hudson v. McMillian, 503 U.S. 1, 9 (1992). Under the Due Process Clause, the use of *de minimis* force, so long as it "is not of a sort repugnant to the conscience of mankind," is not of constitutional concern. Id. at 9-10; Leary v. Livingston, 528 F. 3d 438, 443 (6th Cir. 2008);

6

Orem v. Rephann, 523 F. 3d 442, 447-48 (4th Cir. 2008); United States v. Walsh, 194 F. 3d 37, 48 (2d Cir. 1999). As the Fourth Circuit explained,

> Punishment must mean something more than trifling injury or negligible force. Otherwise, every touch would be actionable and every alleged "push or shove" would entitle plaintiff to a trial. This is no idle concern. Those in detention often detest those charged with supervising their confinement, and seek to even the score through the medium of a lawsuit. The Constitution, however, does not exist to scoop up every last speck of detainee discontent. To hold that every incident involving contact between an officer and a detainee creates a constitutional action, even in the absence of injury, trivializes the nation's fundamental document.

Riley v. Dorton, 115 F. 3d 1159, 1167 (4th Cir. 1997).

In this case, Plaintiff complains that Officer Vergara slammed his head against the gate of the holding cell after he and Vergara had exchanged "words." Without more, this single allegation of the use of force is not sufficient to show that Vergara used more than *de minimis* force. Compare Lewis, 581 F. 3d at 475-76 (use of taser gun is not *de minimis* force); United States v. Budd, 496 F. 3d 517, 531 (6th Cir. 2007) (where officer "rammed [plaintiff's] head into at least two different doors, slammed his head into a table, and repeatedly shoved him into a wall," more than *de minimis* force was used) with Leary v. Livingston County, 528 F. 3d 438, 443 (6th Cir. 2008) ("The undisputed facts in this case show that Leary's single allegation of force - that McGuckin hit him '[i]n the back fo the neck' with the side of his hand, performing 'a karate chop kind of deal' - was *de minimis*") (citation and internal quotation marks omitted); Tierney v. Davidson, 133 F. 3d 189, 199 (2d Cir. 1998) (grabbing plaintiff's arm to move her out of doorway and hitting plaintiff once with a nightstick was *de minimis* force under Due Process Clause); Riley v. Dorton, 115 F. 3d 1159, 1167 (4th Cir. 1997) (keeping pretrial detainee

handcuffed for six hours, inserting tip of pen a quarter of an inch into nose and slapping him once on face constituted *de minimis* force). Since Plaintiff does not allege that police used more than *de minimis* force, the Complaint fails to state a due process violation based on the use of excessive force.

Plaintiff also complains that, pursuant to instructions from Sgt. Schnee, Vergara prepared a police report in which she falsely stated that she had removed the cocaine vials from Plaintiff's hand instead of the bench, and filed a criminal complaint against him based on that report. However, "the filing of a false police report is not itself a constitutional violation." Jarrett v. Township of Bensalem, 312 Fed. App'x. 505, 507 (3d Cir. 2009) (citation and internal quotation marks omitted); see also Landrigan v. Warwick, 628 F. 2d 736, 744 (1st cir. 1980) (the existence of a false police report does not deprive a person of a Constitutional right). Because the preparation of a false police report does not state a claim under § 1983, this Court will dismiss the false police report claim.

B. Malicious Prosecution

Plaintiff further complains that, in accordance with Schnee's instructions, Vergara filed a false criminal complaint against him for drug charges. A claim of malicious prosecution for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998). "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff

suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006). Plaintiff's constitutional malicious prosecution claim is not cognizable at this time, however, because Plaintiff does not assert that the drug charges were terminated in his favor.[3] Under these circumstances, his malicious prosecution claim has not accrued and will be dismissed without prejudice.

Because this Court does not see how Plaintiff could amend the Complaint at this time to state a cognizable claim under § 1983, this Court will not grant leave to file an amended complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

The Court will enter an appropriate Order.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

Dated: 12/15, 2009

---

[3] "[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Kossler v. Crisanti, 564 F. 3d 181, 187 (3d Cir. 2009).